UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CR. NO. 97-284(JAF) |
| | * | |
| Plaintiff | * | |
| | * | |
| v | * | |
| | * | |
| OMAR GENAO | * | |
| | * | |
| Defendants | * | |

## SENTENCING MEMORANDUM AND OBJECTIONS TO PRE-SENTENCE REPORT

**TO THE HONORABLE COURT:**

    **COMES NOW** , defendant **Omar Genao** through his undersigned counsel and very respectfully states and prays:

1.     On or about March 23, 2001 the U.S. Probation Office through it's officer Carlos Cancio submitted a Pre-Sentence Report to be used at the sentencing hearing of Omar Genao Sanchez.  Objections were made and denied by the Court.

2.     Defendant had been convicted at a jury trial of counts One; Two and Three of the second superseding indictment.

3.     Count One of the Second Superseding Indictment charged a conspiracy to possess and possession of controlled substances with intent to distribute, in violation of Title 21, U.S.C. Section 846 and 841 (a)(1).

4.     Counts Two and Three charged a conspiracy to commit firearms murder in relation to a Drug Trafficking Offense in violation of Title 18 U.S.C. Section 924(o) and Firearms Murder In Relation to a Drug Trafficking Offense in Violation of Title 18 U.S.C. Section 924(j).

5.    The Court imposed sentence on March 18th, 2002 committing defendant for the remainder of his natural life as to each count of conviction, said terms to be served concurrently with each other.  In addition, the court imposed a term of supervised release of five (5) years as to each count to be served concurrently as well as other standard conditions of supervision.

6.    Defendant appealed his sentence and conviction and on November 5, 2004 the United States Court of Appeals for the First Circuit vacated defendant's convictions as to counts two and three of the second superseding indictment and remanded to the District Court fo a new trial on these charges if the government so wished to proceed, and for re-sentencing.  The Court of Appeals affirmed defendant's conviction on Count One.

7.    Defendant is before the Court for re-sentencing as to Count One.  The government never moved for a new trial thus waiving any such procedure.

8.    A request was submitted to the Court to have the pre-sentence report reviewed.  On February 1st, 2005 the undersigned counsel spoke by telephone with Probation Officer Cancio on this issue.  Officer Cancio advised there is no need to revise the pre-sentence report.

9.    It is submitted this position is erroneous for the following reasons:

10.   As defendant's convictions on counts two and three were vacated it is requested that <u>Part A</u>.  "The Offense" be amended to <u>delete</u> the <u>Count Two</u> explanation of the charge as well as the <u>Count Three</u> explanation of the charge.  It is further submitted that all other counts information be deleted from said pre-sentence report.

11.  As to the offense conduct section of the pre-sentence Report the conduct of each count was not separately indicated; paragraphs 13 (page 10); 14 (page 11); 15 (page 11) are objected to and must be deleted.  These specific paragraphs pertain to the offense conduct of Counts Two; Three; Four and Five conduct not part of defendants' offense conduct.

12.  As to acceptance of responsibility (paragraph 19, page 12) this issue should be revised.  Defendant always denied the participation in the death of Robert Caballo.  As this death was charged in counts Two and Three, for which he was convicted at the time the Probation Officer conducted the interview, defendant was compelled to deny his responsibility.

13.  The Offense Level Computation must be amended entirely as pursuant to guideline section 3D1.2( c) all three counts were grouped together in a combined offense level as counts Two and Three (conduct) was treated as an adjustment and a cross reference to Count One.  With the cross-reference involving first degree murder a base offense level of 43 was determined.

Counts Two and Three were vacated and the conduct therein charged is therefore no longer an adjustment to count one.

14.  Count One of the indictment charges a violation of 21 U.S.C. 846 and 841(a)(1).

15.  Title 21 U.S.C. Section 846 states: "Any person who attempts or conspired to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object to the attempt or conspiracy".

16.    Count One of the Second Superseding Indictment charged that defendant intentionally conspired and agreed to willfully and unlawfully possess with the intent to distribute multikilogram quantities of cocaine, narcotic drug controlled substance, in excess of five (5) kilograms and multi-hundred pound quantities of marijuana, a schedule 1 controlled substance, that is conspiracy to violate Title 21 , U.S.C. Section 841(a)(1); all in violation of Title 21, U.S.C. Sec. 846.  This is the offense for which he must now be resentenced.

17.    Defendant is before the Court for resentencing pursuant to the United States Sentencing Guidelines, which have been rendered advisory under the Supreme Court's decision in United States v. Booker, 125 S.Ct. 738 (2005).  Defendant submits the Supreme Court decision is applicable to the sentence to be imposed by this Honorable Court.

18.    It is submitted that in Booker, the Supreme Court found that it's holding in Blakely v. Washington, 124 S.Ct. 2531 (2004) and Apprendi v. New Jersey, 530 U.S. 466, 477 (2000) apply to the United States Sentencing Guidelines.  Booker, 125 S.Ct. At 756 (Stevens, J. opinion of the Court). Therefore, the Sixth Amendment is violated by the imposition of an enhanced sentence under the guidelines based on the Court's determination of a fact (other than a prior conviction ) that was not found by the jury or admitted by the defendant.

The Supreme Court severed and excised the provision of the federal sentencing statute that makes the guidelines mandatory, and effectively rendered the guidelines advisory.  In addition, it was held that sentences were to be reviewed under the standard of "reasonableness", determined with reference to the standards set forth in 18 USC sec. 3553(a), which "sets forth numerous factors that guide sentencing " Id.

At 757, 765-66.

19.   The Pre-Sentence Report which exists in the instant case is prior to the Supreme Court's recent decision and therefore does not conform to the existing state of the law; the calculations made therein as well as their application were mandatory.  In addition, as previously stated the base offense level was achieved with a grouping of counts and cross reference that is no longer possible.

20.   The determination of the factors and cross reference to obtain the offense level computation is erroneous in light of the fact that counts Two and Three were vacated.   Objections were made to the pre-sentence  report at the time of the original sentence which are restated herein.

21.   As counts Two and Three were vacated defendant is to be resentenced to Count One only.  The jury verdict and any findings made by the jury must be reviewed. [1] Copy of the jury verdict is requested.

22.   Defendant further requests that to comply with due process in determining a reasonable sentence as to Count One that he be afforded the procedural protections under the Fifth and Sixth Amendments in connection with any facts which the Court or the government seeks to rely to support an enhanced sentence.  Defendant submits that any facts to enhance his sentence as to Count One of the indictment have to be either admitted or submitted to a jury for determination by proof beyond a reasonable doubt.

23.   No findings have been made of the amounts of drugs attributed to or

---

[1] Counsel was not trial counsel; does not have a copy of the jury verdict form, and although it was reviewed years ago, as allowed by this Court,  it was for other purposes.

foreseeable to this defendant. In fact the pre-sentence report is silent on this issue. Moreover, during times of the charged conspiracy defendant was a minor a fact that would preclude a determination of criminal responsibility during that period or for the quantities of drug belonging to that span of time.

24. Defendant submits that the issue of his responsibility as to drug quantity must be determined for sentencing U.S. v. Colon Solis, decided November 8, 2004 by the First Circuit Court of Appeals.

25. Defendant requests that he be given notice prior to sentencing of the factors to be used at the sentencing hearing; that the presentece report be amended as requested; copy of the verdict form be provided to counsel.

**RESPECTFULLY SUBMITTED.**

**I HEREBY CERTIFY** that on this date the present document has been filed electronically and is available for viewing and downloading from the Court's CM/ECF system by U.S. Attorney's Office.

In San Juan, Puerto Rico, this 4th day of February, 2005.

S/Lydia Lizarríbar-Masini
**LYDIA LIZARRÍBAR-MASINI**
**USDC 124301**
**14 O'NEILL ST. SUITE A**
**HATO REY, PR 00918**
**TEL. 250-7505 FAX. 758-4512**
E-mail: lizarribar@prtc.net