**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>        Plaintiff,<br><br>        v.<br><br>OMAR GENAO SANCHEZ,<br>        Defendant. | **Criminal No. 97-284 (JAF)** |

**OPPOSITION TO MOTION FOR RESENTENCING**

**TO THE HONORABLE COURT:**

**COMES NOW** the United States of America, by and through the undersigned attorney, and very respectfully states and prays as follows:

1. Defendant in this case was convicted on October 6, 2000, on Counts One, Two and Three of the Indictment pending against him. Defendant filed a timely appeal from the judgment entered against him, designating only two issues for review:

    a. Whether the district court abused its discretion in denying defendant's motion for a new trial; and,

    b. Whether the district court committed error in admitting the statements of Edward Llaurador into evidence at trial.

2. On November 5, 2004, the Court of Appeals concluded that the district court did not "remotely" abuse its discretion in denying defendant's motion for a new trial. United States v. Rodriguez Marrero, 390 F.3d 1, 15 (1st Cir. 2004). Further, it concluded that the admission of Edward Llaurador's statements as to defendant was error, and that such error warranted a reversal of defendant's convictions only as to Count Two and Count Three.

> For the foregoing reasons, we **VACATE** Genao's convictions on counts two and three of the second superseding indictment and **REMAND** to the district court for a new trial on those charges if the government wishes to so proceed, and for resentencing.

Id. at pp. 32.

As to Count One, however, the Court stated:

> [W]e readily conclude that the district court's erroneous admission of Llaurador's statements was harmless beyond a reasonable doubt in securing convictions on count one of the second superseding indictment.

Id. at 21. The Court of Appeals affirmed defendant's conviction as to Count One.

> We **AFFIRM** Genao's conviction on count one....

Id. at 32.

3. Defendant never appealed his sentence as to Count One, and the same was never subject to review by the Court of Appeals. Having failed to designate any error in his sentence for review on direct appeal, defendant has waived the same.

> [A] legal decision made at one stage of a civil or criminal case, unchallenged in a subsequent appeal despite the existence of ample opportunity to do so, becomes the law of the case for future stages of the same litigation, and the aggrieved party is deemed to have forfeited any right to challenge that particular decision at a subsequent date.

United States v. Connell, 6 F.3d 27, 30 (1st Cir. 1993), quoting United States v. Bell, 966 F.2d 247, 250 (1st Cir. 1993). "This lesson embodies a rather straightforward application of the law of the case doctrine--a doctrine that is rooted in an array of prudential considerations: 'stability in the decisionmaking process, predictability of results, proper working relationships between trial and appellate courts, and judicial economy.'" United States v. Rivera-Martinez, 931 F.2d 148, 151 (1st Cir.), cert. denied, 502 U.S. 862 (1991). "That is to say, law-of-the-case rules afford courts the security of consistency within a single case while at the same time avoiding the wastefulness, delay, and overall wheel-spinning that attend piecemeal consideration of matters

which might have been previously adjudicated." See 18 Charles A. Wright et al., Federal Practice & Procedure § 4478 at 603 (Supp.1993). "In the interests of both consistency and judicial economy, therefore, litigants should not ordinarily be allowed to take serial bites at the appellate apple." Connell, 6 F.3d at __, citing, e.g., United States v. Rosen, 929 F.2d 839, 842 n. 5 (1st Cir.), cert. denied, 502 U.S. 819 (1991); United States v. DeJesus, 752 F.2d 640, 642-43 (1st Cir.1985).

"[I]t follows that when a trial court, on remand, seeks to dispose of a case in accordance with an appellate court's mandate, it 'must implement both the letter and the spirit of the mandate, taking into account the appellate court's opinion and the circumstances it embraces.'" United States v. Kikumura, 947 F.2d 72, 76 (3d Cir.1991) (citation and internal quotation marks omitted). "Because the mandate serves as a limitation on the power of the trial court, the issues that remain open on remand frequently will be circumscribed by the earlier appeal and by the appellate court's disposition of the issues therein." Connell, 6 F.3d at __, citing Rivera-Martinez, 931 F.2d at 150-51; United States v. Cornelius, 968 F.2d 703, 705 (8th Cir.1992).

Defendant in this case had an opportunity on direct appeal to seek review of the sentence imposed by this Court pursuant to the conviction as to Count One and defendant failed to

designate any errors thereto. Therefore, that sentence is final and cannot be revisited now by the

trial court.

WHEREFORE the United States respectfully requests that defendant's motion for resentencing as to Count One be denied.

Respectfully Submitted in San Juan, Puerto Rico, this 8th day of February, 2005.

                              **H.S. GARCIA**
                              United States Attorney

                              s/Jacabed Rodriguez-Coss
                              **Jacabed Rodriguez Coss**
                              **U.S.D.C. No. 207309**
                              Assistant U.S. Attorney
                              U.S. Attorney's Office
                              Torre Chardon, Suite 1201
                              350 Carlos Chardon Street
                              Hato Rey, P.R. 00918
                              (787) 282-1898

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 4, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorney of record.