UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CR. NO. 97-284(JAF) |
| | * | |
| Plaintiff | * | |
| | * | |
| v | * | |
| | * | |
| OMAR GENAO | * | |
| | * | |
| Defendants | * | |

# PRELIMINARY OBJECTIONS TO PRE-SENTENCE REPORT SERVED ON DEFENSE COUNSEL ON FEBRUARY 7TH, 2005

**TO THE HONORABLE COURT:**

**COMES NOW**, defendant **Omar Genao** through his undersigned counsel and very respectfully states and prays:

1. After the initial hearing before this Honorable Court, an amended pre-sentence report was hand delivered to counsel outside of the courtroom. This amended pre sentence report was provided to defendant immediately after receipt. On February 10th the undersigned met with defendant at MDC and translated the entire Amended Pre Sentence Report. The Court is aware that counsel is presently at trial in Cr. 03-294(DRD) on a daily basis, therefore the time to meet with defendant has been limited. As an amended PSR was served defendant has a right to object to it's contents and guideline determinations.

2. The following objections are made to the Amended Pre-Sentence Report. At page 1, the age of defendant is not 24 but 28.

3. At pages 6 and 7 paragraphs 3 and 4 indicate the sentences of other

codefendant's. It states at paragraph 4 that Mr. Victor Manuel Valle Lasalle is pending sentence sine die and that Mr. Heriberto Nieves Alonso is pending sentence sine die. This is incorrect as these defendants have been sentenced.

4. The offense conduct as indicated in pages 7; 8; 9 and 10 is objected to, it states that defendant participated in the conspiracy which has a time frame from 1992 to 1998; in 1992 defendant was a minor; in fact 16 years old as he was born 10/10/76, As a minor he could not have any criminal liability as an adult in the events of the conspiracy.

5. On page 11 paragraph 20 there is no indication of when the probation officer visited defendant at MDC; if for the preparation of the initial pre-sentence report or for the preparation of this amended pre-sentence report. If this paragraph refers to the interview held recently it is submitted the representations therein made are incorrect. Defendant has advised that upon receiving a visit from the probation officer he was told a life sentence would be imposed; when defendant tried to inquire on this decision the probation officer indicated that was the decision and the interview was terminated.

6. Paragraph 21 pag 12, offense level computation is objected to.

   a. the pre-sentence report of March 23, 2001 established a grouping of counts one; two and three as per guidelines 3D1.2 ( c).
   As Counts two and three were vacated by the Court of Appeals the grouping under 3D1.2( c) is no longer possible.

   b. The pre-sentence report of February 7, 2005 establishes the base offense level indicating that: 21 USC Sec. 846 is governed by guideline 2D1.1 and if a victim is killed under circumstances that

2

>would constitute first degree murder under 18 USC 1111 a cross reference to guideline 2A1.11 is applicable and the base offense level is 43.

7. Title 18 USC 1111(a) states:

(a) "Murder is the unlawful killing of a human being with malice aforethought. Every murder perpetrated by poison, lying in wait, or any other kind of willful, deliberate, malicious, and premeditated killing; or committed in the perpetration of, or attempt to perpetrate, any arson, escape, murder, kidnaping, hearson, espionage, sabotage, aggravated sexual abuse, or sexual abuse, burglary or robbery; or perpetrated from a premeditated design unlawfully and maliciously to effect the death of any human being other than him who is killed is murder in the first degree. Any other murder is murder in second degree.

(b) within the special maritime and territorial jurisdiction of the United States, whoever is guilty of murder in the first degree shall be punished by death or by imprisonment for life; whoever is guilty of murder in the second degree shall be imprisoned for any term of years or for life.

8. Under guideline 2D1.1 the pre-sentence report makes a cross reference to 2D1.1(d) which indicates that if a victim was killed under circumstances that would constitute <u>first degree murder</u> 2A1.1 is applicable.

The pre-sentence report fails to indicate to which "victim" reference is made.

9. Section 2A1.1 establishes a base offense level of 43 for first degree murder.

First Degree murder requires that defendant cause the death

3

intentionally or knowingly.

10. In the arguments held on February 7th, 2005 it was discussed that the conspiracy charged in Count One of the indictment, the overt acts included murders for which defendant could have responsibility.

   a) Overt acts 14 and 15 indicate that defendant with others killed <u>Robert Caballo</u>;

   b) Overt acts 18 and 19 indicate that other coconspirators on October 13, 1996 killed <u>Eduardo Llaurador</u>;

   c) Overt acts 3 indicates that on May 20, 1993 other coconspirators killed "<u>Kiri</u>".

11. In relation to the murders included as overt acts it is submitted that :

   a) on May 20, 1993 defendant was a <u>minor</u>; he was at the time 17 years old and could not be responsible as an adult for this murder; there is no evidence to link defendant to the "Kiri" murder; this murder can not be used as the cross over reference to enhance the sentence;

   b) as to the murder of Eduardo Llaurador defendant was at the time in jail; the overt acts that plead this murder do not place this defendant in the planning or execution stages of the murder of Llaurador.

   It has been argued that defendant had a telephone conversation with Manuel Valle La Salle to the effect that he wanted bail to be posted and that defendant had papers that indicated Llaurador was a witness against him. The court documents were available to <u>all</u> defendants charged in the state court and were public documents. There is no evidence that defendant was told that

4

        Llaurador was to be murdered or that in any way he had acquiesced to the murder as participated in it.

   c)   The murders of "Kiri" and Llaurador can not impose criminal liability on this defendant as they were not reasonably foreseeable to him, thus the concept of vicarious liability is not applicable . The relationship between this defendant and these two murders is attenuated by time and space and would constitute a violation of due process, stretching beyond limits the concept of forseeability.

As previously stated in this motion the base offense level achieved by the crossover to <u>guideline section 2A1.1</u>, when there is a first degree murder as defined in 18 USC 1111, requires a premeditation that can not be attributed to defendant for the murders of "Kiri" and "Llaurador". It is submitted defendant had no role in the death's of "Kiri" and "Llaurador" and these two murders during the conspiracy do not fulfill the required first degree murder definition of 18 USC 1111, and therefore can not be used as the cross reference murder under 2D1.1(d).

12.   The Court of Appeals vacated Counts Two and Three for which defendant had been convicted and affirmed the conviction on Count One. In it's opinion the Court of Appeals indicated that the "Llaurador's erroneously admitted statements say little about Genao's involvement in the drug smuggling work of the conspiracy". Opinion 02-1462 at page 40 Volume I.

It further indicates, in the opinion, that the testimony of the two cooperating witnesses firmly establishes defendant's participation in the drug activities. It describes the testimony of defendants participation in

5

the drugs and then concludes by stating: "On the basis of this evidence, we readily conclude that the district's court erroneous admission of Llaurador's statements was harmless beyond a reasonable doubt in securing convictions on count one of the second superseding indictment. It is submitted that were it not for the evidence of the drug participation the admittance of Llaurador's statements as to count one would have affected defendant's substantial rights.

13. The Court of Appeals indicated "we VACATE Genao's convictions on counts two and three of the second superseding indictment and REMAND to the district court for a new trial on those charges, if the government wishes to so proceed, and for re-sentencing. We AFFIRM Genao's conviction on Count One as well as the convictions and sentence of Rodriguez and Roldan". The Court of Appeals did not affirm defendant's "<u>sentence</u>" as to Count One just the conviction.

14. The issue of the use of the murders as "relevant conduct" under guideline 1B1.3 was mentioned during the February 7, 2005 hearing. The Amended PSR does not indicate that there is relevant conduct pursuant to 1B1.3, no notice has been given that said guideline is applicable or that the Court will rely on it.

15. Pursuant to 1B1.3(a) all acts of defendant could be used; this would exclude the "Kiri" and "Llaurador" murders. Under 1B1.3(b) the murders of "Kiri" and "Llaurador" would be likewise excluded from falling within a Title 18 USC 1111 first degree murder definition as they would require premeditation from defendant and there is none.

16. The sentencing guidelines have been rendered advisory under the Supreme Court's decision in *U.S. v. Booker, 125 S.Ct. 738 (2005).*

17. The Court must consider at sentencing the standards set forth in 18 USC. Sec. 3553 (a) which sets forth numerous factors that guide sentencing. The Court is not bound by the guidelines but must "consult" them and take them into account at sentencing.

18. "A Sentence should be sufficient but no greater than necessary."[1] In the case of this defendant a sentence of life imprisonment would punish not his participation in the drug conspiracy for which he was found guilty in Count One but the murder of Robert Caballo which the Court of Appeals determined was tainted with the erroneous admission of evidence.

**RESPECTFULLY SUBMITTED.**

**I HEREBY CERTIFY** that on this date the present document has been filed electronically and is available for viewing and downloading from the Court's CM/ECF system by U.S. Attorney's Office.

In San Juan, Puerto Rico, this 15th day of February, 2005.

>S/Lydia Lizarribar-Masini
>**LYDIA LIZARRÍBAR-MASINI**
>**USDC 124301**
>**14 O'NEILL ST. SUITE A**
>**HATO REY, PR  00918**
>**TEL. 250-7505 FAX. 758-4512**
>E-mail: lizarribar@prtc.net

---

[1] Title 18 USC §3553(a)