IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

05 FEB 23 PM 3:23

UNITED STATES OF AMERICA,
   PLAINTIFF,

        v.                          CRIM. NO. 97-284 (JAF)

OMAR F. GENAO SANCHEZ,
DEFENDANT.                 /

TO THE HONORABLE COURT:

    HERE COMES NOW, Omar F. Genao-Sanchez (hereinafter "Defendant"), to very respectfully, submits the following;

    In this Post Conviction Motion the defendant is alleging that the Court committed violation to defendants right as prescribe under Rule 32 Post Conviction Procedures requiring resentencing or in the alternative the Court should consider defendant's sentencing objection allegations expose infra part of the sentencing record. As defendants objections during sentencing preserved for appeal.

### THE FACTS

    During the sentencing hearing stage the defendant appeared before the Court prepared to speak his objections of facts and recent Supreme Law issues which require the impossition of a 10 Year sentence instead of the life term imprisonment imposed. The Court, however, after allowing defendants Counsel to argue the sentence, went and imposed a life imprisonment sentence without addressing the defendant. Immidiately, the defendant raised his hand and asked the Court for an opportunity to speak, and the Court informed defendant that he had an opportunity to speak at his initial sentencing, and that this was resentencing with specific instructions from the First Circuit. Defendant at the time informed the Court that he had the right to speak under Rule 32 and express his objections. The Court invited defendant to file his objections through a motion. This motion follows.

USA v. Genao, 97-284 (JAF)
Page 2

Rule 32 Sentence and Judgement (i) Sentencing (4) Opportunity to Speak States- (A) By a Party. Before imposing sentence, the Court must: (ii) adress the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence. In essence the defendant submits his objections of facts and in law to be be recorded and made part of the sentencing record for appellate issues.

## CONTENTIONS

The defendantrespectfully submits here, that his objections were to contend the imposition of a life term of imprisonment under Count I of the indictment charging an offense under Title 21 USC 841 (a)(1) and (b)(1)(A), and 21 USC 846 Conspiracy. Which requires a Court to impose a sentence base on the findings made by the jury or accepted by the defendant thru a guilty plea. If we review the punishments available for violations of codes 841 and 846. The same require an acused be subject to the same penalties as those prescribe for the offense. Count I charge an Offense under 841(a)(1), punishable under 841(b)(1)(A), since the charging document stated a conspiracy to posses with the intention to distribute Five kilograms or more for which the jury found the defendant guilty. Since the Jury did not comment over an exact amount exeeding more than Five kilograms of cocaine the Court according to established law was in the legal duty to impose a sentence of Ten Years considering the statutory minimum imposed by Congress. Instead the Court erronously imposed a term of life imprisonment basing its rational on the fact that during the Conspiracy while violating the drug trafficking offense certain individuals were murder despite the fact that those Convictions under Count II and III vacated by the Fisrt Court of Appeals. Which goes straight to the heart of the argument. The defendant is in the opinion that if the First Circuit vacated the convictions under Count II and III (the murder convictions), the Court was only

USA v. Genao, 97-284 (JAF)
Page 3

supposed to consider facts relating to the elements of the offense, and the penalty elements prescribe by the statute at issue and charge in the insdictment.  If we read 21 USC § 841 prohibits (a) unlawful acts  [o]f Conspiring through § 846 while intending to possess with the intention to distribute the penalty elements of certain kinds of narcotics and/or its amount carrying a punishment as a consequence of its violation.  After a finding of guilt either by jury or a defendant pleading guilty to these charges the Court is on the legal duty to impose a punishment based on the penalty elements of the offense.  21 USC § 841(b) provides various elements of penalty to wit 841(b)(1)(A) Ten to Life; (B) 5 to 40; (C) not more than Tweenty; (D) not more than Five. In the instance case the elements of penalty stated under 21 USC §841(b)(1)(A) under (ii) 5 Kilograms or more . . . such person shall be sentence to a term of imprisonment which may not be less than 10 years or more than life and death or serious bodily injury **results from the use of such substance** shall not be less than 20 years or more than life. . .   and if we apply Congresses clear elements of penalty to defendants case the Court was in the legal duty to impose under the Supreme Law controlling sentencings the reasoning of the Supreme Court recent decisions in United States v. Fanfan and Booker, Cite as 543 U.S. _____ (2005)(The Court holds that, in the circumstances mentioned, the Sixth Amendment requires juries, not judges, to findfacts relevant to sentencing).  Since the jury only found defendant guilty of Five Kilograms or more of Cocaine as charge in the indictment without specifically finding any further amount in excess of Five Kilograms beyond reasonable doubt, and the Court lacked the authority to impose a sentence beyond the reach of a trial by jury under the preponderance of the evidence as in the defendant case. Moreover, the Court went to the extreme of imposing a term of life imprisonment considering the three murders during the drug trafficking conspiracy which the First Circuit Court of Appeals vacated

USA v. Genao, 97-284 (JAF)
Page 4

under Count II 18 USC § 924(o), and Count III 18 USC §924(j), both relating to the murders in relation to the drug trafficking offense through the use of a firearm conviction which did not stand at the present time of sentencing because the First Circuit vacated those Counts. Therefore, it is the defendants contentions that the Court should have allowed the defendant to speak about the issue and not stand on the fact that the Appellate Court gave the District specific sentensing instructions because this not about who knows more about the law but instead who makes the few mistakes. The defenant at the present time remains under the imposition of an illegal sentence because under Count I 841(a)(b)(1)(A), the defendant was supposed to recieved a sentence of Ten years as supported by the jury finding of guilt for the violations of the controlled substance act. The Court lacked the necessary elements of penalty to imposed a life imprisonment sentence under 21 USC § 841(b)(1)(A), because the statute at question 21 USC 841(a), did not prohibited murder, nor provided the penalty elements for murder leading up to life through the use of a firearm and this specific issue was long ago resolved by the Supreme Court of the United States in <u>Jones v. United States</u>, 526 U.S. 227, 330 (1999), we considered the federal carjacking statute, which provides three different maximum sentences depending on the extent of harm to the victim: 15 years in jail if there was no serious injury to a victim, 25 years if there was "serious bodily injury", and life in prison if death resulted. 18 USC §2119 (1988ed. Supp. V). In spite of the fact that the statute "at first glance has look to it suggesting that the provisions relating to the extent of harm to the victim was an element of the crime. That conclusion was supported by the statutory text and structure and was influenced by our desire to avoid the constitutional issues implicated by a contrary holding, which would have reduced the jury's role "to the relative importance of low-level gatekeeping."

USA v. Genao, 97-284 (JAF)
Page 5

What we have here goes beyond any reasoning held by recent Supreme Court decisions, a defendant sentenced to a term of life imrpisonment for a violation of a statute that base on the facts of the element of the case and its penalty provisions did not authorized such imposition of a life sentence under the penalty elements of 21 USC §841(b)(1)(A), (ii) Five Kilograms or more. . .has found by the jury under count I, because 841(a) did not prohibited murder through the use of firearm, nor it provided a mandotory life sentence if someone was murder through the conspiracy as indicated in another statute which the Government failed to charge this defendant under the Indictment. See Count Five violation of Title 21 USC §848(e)(1), Murder while engaging in drug trafficking offonse 1. Victor Manuel Valle-LaSalle, aka manolo; 2. Luis Angel Lopez-Lorenzo, aka Millo; and Count II and III as previously mentioned were vacated by the First Circuit Court of Appeals.

WHEREFORE, base on all the above mentioned this Court should have allowed the defendant to speak during his sentencing hearing as prescribe under Rule 32 (i)(4), so the defendant would have had the opportunity to bring this legal information in mitigation during his re-sentencing face, which would had further allowed the defendant to record the same in the sentencing transcript minutes has appellate issues preserve for appeal. However, since the invited defendant to present the same thorugh motion in complaince with the Court reccomendation the defendant's submits its objection, and is preserving the same for appeal in case the Court finds that the defendant argument lacks any merit in law for a relief of an impotion of a sentence of Ten years, or as any furhter or other relief that this Court deems proper under the circumstances of this case.

Respectfully submitted In San Juan Puerto Rico on this the 18th day of February, 2005.

Omar F. Genao-Sanchez

USA v. Genao   97-284 (JAF)
Page6

    I Omar F. Genao-Sanchez, hereby certify that theis Motion Title Post Conviction Motion was placed in the Institution Legal Mail Box to be mailed to the Clerk's Office United States District Court, Federal Building 150 Office, Chardon Ave, Hato Rey, Puerto Rico 00918-1767.

*signature*
Omar F. Genao-Sanchez