UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CR. NO. 97-284(JAF) |
| | * | |
| Plaintiff | * | |
| | * | |
| v | * | |
| | * | |
| OMAR GENAO | * | |
| | * | |
| Defendants | * | |

## MOTION REQUESTING ISSUANCE OF
## HABEAS CORPUS AD TESTIFICANDUM
## FOR DEFENSE WITNESSES

**TO THE HONORABLE COURT:**

**COMES NOW**, defendant Omar Genao through his undersigned counsel and very respectfully states and prays:

1. The Court of Appeals remanded defendant's case for a resentencing hearing.

2. Since Mr. Genao Sanchez was sentenced the law pertinent to the imposition of a sentence has evolved significantly.

3. At resentencing the Court must now follow the dictates of **U.S. v. Booker, 543 U.S. 220 (2005); Rita v. U.S., 127 S.Ct. 2456 (2007); Kimbrough v. U.S., 128 S.Ct. 558 (2007) and Gail v. U.S., 128 S.Ct. 586 (2007)**.

4. It is necessary that the Court calculate a guideline range and consider that range as but one factor among all other sentencing factors in section 3553 (a) to impose a sentence "sufficient but not greater than necessary to achieve the goals of sentencing". **Kimbrough, 128 S.Ct. At 570, 18 USC §3553(a)**.

5. The Court will engage in a fact finding process to make determinations that are

crucial in the final sentence to be imposed upon defendant. Defendant was found guilty by a jury of Count One of the the Second Superseding Indictment. As to the jury verdict in reference to count one the jury found the conspiracy involved at least 5 kilograms of cocaine. No other findings were made. The Pre-Sentence Report prepared as to Genao Sanchez does not make a base offense level calculation as to the conspiracy count alone, therefore these are issues to be determined at sentencing.

6. Defendant will present testimony at the sentencing hearing relevant to the conspiracy charged in count one and the drug amounts which are relevant to determining the amount of drugs for which defendant is responsible. In addition these witnesses will testify as to mitigating factors in relation to Genao Sanchez and relevant pursuant to Sec. 3553(a).

7. It is necessary that defendant present the testimony of the following witnesses:

   a. Nicholas Peña-Gonzalez, Reg. 22198-038, presently at USP Canaan, U.S. Penitentiary, 3057 Easton Turnpike, Waymart, Philadelphia.

   b. Victor Valle-Lasalle, Reg. 16115-069, presently at USP Coleman I, U.S. Penitentiary, 846 NE 54th Terrace, Coleman, Florida.

   c. Raul Santo Domingo-Romero, Reg. 09973-069, presently at Coleman Low, Federal Correctional Institution, 846 NE 54th Terrace, Coleman, Florida.

8. For the above stated reasons it is requested the Court issue Habeas Corpus Ad Testificandum as to these three witnesses indicated in paragraph 7 herein and that they be brought forthwith to this jurisdiction.

   **RESPECTFULLY SUBMITTED.**

**I HEREBY CERTIFY** that on this date the present document has been filed electronically and is available for viewing and downloading from the Court's CM/ECF system by U.S. Attorney's Office.

In San Juan, Puerto Rico, this 23rd day of May, 2008.

> S/Lydia Lizarribar-Masini
> LYDIA LIZARRÍBAR-MASINI
> USDC 124301
> 14 O'NEILL ST. SUITE A
> HATO REY, PR  00918
> TEL. 250-7505 FAX. 758-4512
> E-mail: lizarribarlaw@onelinkpr.net