UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CR. NO. 97-284(JAF) |
| | * | |
| Plaintiff | * | |
| | * | |
| v | * | |
| | * | |
| OMAR GENAO | * | |
| | * | |
| Defendants | * | |

# MOTION REQUESTING ISSUANCE OF HABEAS CORPUS AD TESTIFICANDUM FOR DEFENSE WITNESSES

**TO THE HONORABLE COURT:**

**COMES NOW**, defendant Omar Genao through his undersigned counsel and very respectfully states and prays:

1. The Court of Appeals remanded defendant's case for a resentencing hearing.

2. Mr. Genao Sanchez has specifically requested of counsel that Anibal Pagan Cerezo be summoned as a witness for his sentencing hearing.

3. At resentencing the Court must now follow the dictates of **U.S. v. Booker, 543 U.S. 220 (2005); Rita v. U.S., 127 S.Ct. 2456 (2007); Kimbrough v. U.S., 128 S.Ct. 558 (2007) and Gail v. U.S., 128 S.Ct. 586 (2007)**.

4. It is necessary that the Court calculate a guideline range and consider that range as but one factor among all other sentencing factors in section 3553 (a) to impose a sentence "sufficient but not greater than necessary to achieve the goals of sentencing". **Kimbrough, 128 S.Ct. At 570, 18 USC §3553(a)**.

5. The Court will engage in a fact finding process to make determinations that are crucial in the final sentence to be imposed upon defendant. Defendant was found guilty by a jury of Count One of the the Second Superseding Indictment. As to the

jury verdict in reference to count one the jury found the conspiracy involved at least 5 kilograms of cocaine. No other findings were made. The Pre-Sentence Report prepared as to Genao Sanchez does not make a base offense level calculation as to the conspiracy count alone, therefore these are issues to be determined at sentencing.

6. Defendant will present testimony at the sentencing hearing relevant to the conspiracy charged in count one and the drug amounts which are relevant to determining the amount of drugs for which defendant is responsible. In addition this witness will testify as to mitigating factors in relation to Genao Sanchez and relevant pursuant to Sec. 3553(a).

7. It is necessary that defendant present the testimony of Anibal Pagan Cerezo, Reg. 40651-018, presently at FCI Edgefield, 501 Gary Hill Road, Edgefield, South Carolina.

8. For the above stated reasons it is requested the Court issue Habeas Corpus Ad Testificandum as to this witness indicated in paragraph 7 herein and that he be brought forthwith to this jurisdiction.

**RESPECTFULLY SUBMITTED.**

**I HEREBY CERTIFY** that on this date the present document has been filed electronically and is available for viewing and downloading from the Court's CM/ECF system by U.S. Attorney's Office.

In San Juan, Puerto Rico, this 25th day of August, 2008.

S/Lydia Lizarribar-Masini
LYDIA LIZARRÍBAR-MASINI
USDC 124301
14 O'NEILL ST. SUITE A
HATO REY, PR  00918
TEL. 250-7505 FAX. 758-4512
E-mail: lizarribarlaw@onelinkpr.net